Pearsojt, J.
 

 Upon the pleadings and proof the following esse appeared:
 

 The defendant Hammond, as the executor of one Ward, sold the property, and. in- payment, took the note, among' ©■'hers, of one Spruil for g‘276, six months after date
 
 payable to
 
 the said Hammond,
 
 “Execwtor to the Fast will and testament of Will. W. Ward”
 

 Hammond became insolvent, and left the State, without settling the estate of the testator or in any way account' ing for the assets. After his departure, his wife, in pursuance of directions from him, gave the note to the defendant Price, to be applied to the payment of a debt, for which he was bound as the surety of Hammond. The note was overdue at the time Price received it. He sold it to the defendant, Turner, who collected it from Spruii.
 

 One of the plaintiffs is a creditor of the testator. He has obtained judgment at law against the executor, which has not been satisfied. The other plaintiffs are the children and legatees of Ward. . The prayer is, to follow the note and to subject Price or Turner to the payment thereof, as a part of the estate of the testator. The bill is taken
 
 pro confesso
 
 as to Hammond. The answers of Price and Turner do not vary the case as stated above, with the exception ©fan allegation, that Hammond, before he went away, had a settlement with the guardian of the children, who are plaintiffs, and was allowed to retain the note in discharge, of a balance found to be due him. There is no proof of this allegation.
 

 In the Court below, the plaintiffs had a decree, and his Honor declared his opinion to be, that Price is
 
 primarily
 
 liable. Price appealed.
 

 
 *75
 
 We assume, that Hammond was put out cf the question, being admittedly insolvent and having removed to parts unknown, and the question as to primary liability was between Price and Turner.
 

 Price took the note after it was dishonored. It appear* ed on its face to be the property of the estate of Ward. — - He received it to relieve himself, as the surety of Hammond, and sold it to Turner. It is too plain for argument, not onlythat Price is bound to account, for the value of the note, but that he is
 
 primarily
 
 liable, and must satisfy the decree, if he is able, before recourse is had to his vendee.
 

 We should, therefore, have no difficulty' in affirming the decree, but for the fact, that a preliminaiy’ question, necessary to the equity set up in the bill, has not been disposed of.
 

 The equity rests upon the allegation, that the uote in question was fraudulently and in breach of trust transferred by the executor. This involves an enquiry as to the state of the assets ; for, until an account is taken, it cannot be known how the balance stands ; whether for or against the executor. If the balance be in his favor to the amount of the note, it was not a fraud in him to appropriate it to the payment of his own debt. There is no admission, which relieves the plaintiffs from the necessity of having a general account of the estate, so as to show a balance against the executor, and thereby' fix him with-the fraud.
 

 Plaintiffs are not allowed to impeach a
 
 single item
 
 ifr the administration of assets. This might lead to endless litigation and multiplicity of suits. One item cannot be singled out as the foundation of a suit. Jtreanonlybe reached by a general account, which will be final, not only as to the item particularly complained of, but as a settlement of the whole subject,.
 
 Hinson
 
 v.
 
 McKinzie,
 
 1 Dev. Eq. 468,
 

 
 *76
 
 So, in the case of partners, a bill will not lie for a misapplication of
 
 one
 
 note or
 
 one
 
 sum of money, belonging to the firm, because the alleged misapplication cannot be established without a general account, and because such account will settle the whole and prevent multiplicity of suits.
 
 Baird
 
 v.
 
 Baird,
 
 1 Dev. & Bat. Eq. 524.
 

 A final decree is entered without taking notice of this point. It may be, the parties waived it, being satisfied how the account would result, but there is no entry to that effect on the transcript. The decree, therefore, must be reversed ; and this opinion certified, to the end that an account may be taken of the estate which came into the hands of the executor ; unless the defendants waive it, and admit that there is a balance against the executor, equal
 
 to
 
 the
 
 amount of
 
 the note of Spruil, or unless the parties agree on some other amount. We allow no costs.
 

 Per Curiam. Ordered to be certified accordingly.